**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELENA V. BOYD,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, et al.,<br><br>Defendants. | Civil Action No.: 11-3496 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss by Defendant International Association of Machinists and Aerospace Workers ("IAM") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion to dismiss is GRANTED.

**I. BACKGROUND**

This action arises out of the alleged discrimination and retaliation against Plaintiff Elena Boyd ("Plaintiff") while she was acting as Recording Secretary for Local 2339N of the IAM ("Local

1

2339N") from 2010 until she was removed from office in December 2010. (First Amended Complaint ¶¶ 24-106) ("Compl.").

On May 6, 2010, Bob Korzuch, former President of Local 2339N, allegedly posted defamatory remarks about Boyd on Facebook, which "falsely accused Boyd of destroying absentee ballots and violating candidates' rights." (Compl.¶¶ 29-30). Further, Boyd states that "[i]n the posting Korzuch's profile photo has him standing before the IAM flag which was intended to give the impression that Korzuch's posting was sanctioned by the Union." (Compl. ¶ 31). Notably, this event took place after Korzuch was allegedly removed from office and banned from seeking additional terms due to misappropriation of funds. (Compl. ¶ 32). Boyd complained to Local L2339N officials about the Korzuch's Facebook posting. (Compl. ¶ 34).

On the same day, one of the officials to whom Boyd complained informed Michael Becerra, Vice President of the Local 2339N and alleged friend of Korzuch's. (Compl. ¶ 38). Later that day Boyd attempted to access her work email but her password was allegedly changed. (Compl. ¶ 40). Becerra allegedly berated Boyd and yelled obscenities at her including "F'n Whore" and saying "let the c - - -t do her own work," in response to which other employees informed Becerra that he was out of line. (Compl. ¶¶ 42 - 46). When Boyd attempted to leave the office Becerra prevented her from doing so, spit in her face and continued to scream at her. (Compl. ¶¶ 49 - 52). Becerra additionally directed epithets toward Boyd on May 10, 2010. (Compl. ¶ 65).

The Local 2339N Executive Board discussed Boyd's complaints regarding Becerra at a meeting on May 11, 2010, but decided not to take action. (Compl. ¶¶ 71-72). Boyd requested an investigation by letter dated May 23, 2010, a copy of which was sent to an IAM official, Vice President for Transportation Robert Roach. (Compl. ¶ 73). On July 1, 2010, Boyd wrote a letter

addressed to Robert Roach complaining of the Local 2339N's inaction. (Compl. ¶ 77). On July 15, 2010, an investigator was assigned to investigate Boyd's harassment complaint. (Compl. ¶ 78)

On May 30, 2010, Becerra filed Article L charges against Boyd and proceedings commenced thereafter. (Compl. ¶¶ 74, 79-81). As explained by Defendant IAM, Article L is the article of the IAM Constitution and By-Laws, "which defines certain misconduct by union officers, including incompetence or negligence in the performance of official duties, that could warrant certain penalties, including removal from office" and "the procedures that must be followed upon the receipt of a charge of misconduct, which include the investigation of the charges by a special trial committee who decides whether a formal trial is warranted, and a formal trial at which the accused is given an opportunity to present evidence and arguments to refute the charges." (Def.'s Br., 3). Boyd alleges that Becerra initiated the Article L proceedings in retaliation for her complaint.

Boyd maintains that she complained to other Local 2339N employees and officials but no action has been taken to date. (Compl. ¶¶ 82, 91-93, 110). Plaintiff further alleges that "Defendants continued to intensify the retaliation and harassment against [her]" by the following: (1) refusing to pay Boyd for completed work that was "above and beyond Boyd's normal duties, and thus, such compensation is permitted by the IAM constitution and by-laws" (Compl. ¶¶ 83-86); (2) refusing to reimburse Boyd for what she contends are legitimate business expenses and lodging expenses (Compl. ¶¶ 87-89); (3) referring to Boyd as "the bitch" (Compl. ¶ 90); and refusing to help Boyd complete tasks such as lifting heavy boxes despite her known disability, Keinboch's Disease, and making discriminatory remarks regarding such disability and refusing to accommodate doctor's appointments (Compl ¶¶ 95-100). Boyd was allegedly retaliated against with regard to her medical condition, in particular, and she filed a second formal complaint on November 24, 2010 as a result. (Compl. ¶ 101).

3

Boyd filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on December 15, 2010. (Compl. ¶ 106). On the same day, a Local 2339N official informed Boyd of the decision of the Trial Board that Boyd violated Article L and would be fired. (Compl. ¶ 107). Boyd amended her EEOC Charge as a result. (Compl. ¶109).

The Newark Equal Opportunity Commission (EEOC) issued a Notice of Right to Sue on July 14, 2011. (Compl. ¶ 9). On April 29, 2011, Plaintiff filed this action in the Superior Court of New Jersey, Civil Part, Essex County Vicinage. (Compl. ¶ 7). The Complaint contains twenty-two separate counts including both federal and New Jersey state law claims, nineteen of which are directed toward all Defendants.[1] The named Defendants are Local 2339N; current President of Local 2339N, Michael Becerra; former president of Local 2339N, Robert Korzuch; the IAM; and John Does 1-10 and XYZ Corp 1-10. Defendants Local 2339N and Becerra removed the matter to federal court on June 16, 2011.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plaint statement of the claim showing that the pleader is entitled to relief. For a complaint to survive

---

[1] As characterized by Defendant IAM in its moving papers (Def's Br., 4-5), the Counts against all Defendants include the following: "Hostile Work Environment/Sexual Harassment" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") (Count I); "Hostile Work Environment/Sexual Harassment" under New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD" ) (Count II); "Gender Discrimination" under Title VII (Count III); "Gender Discrimination" under NJLAD (Count IV); The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") (Count V), Family Medical Leave Act, 29 U.S.C. § 2651(b) et seq. (Count VI); "Disability/Handicap Discrimination" under the NJLAD (Count VII); Retaliation under Title VII (Count VIII); Retaliation under the ADA (Count IX); Retaliation under the NJLAD (Count X); Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("CEPA") (Count XI); Intentional Infliction of Emotional Distress (Count XIV); Breach of Express Contract (Count XV); Breach of the Implied Covenant of Good Faith and Fair Dealing (Count XVI); Breach of Implied Contract (Count XVII); Interference with Contractual Relations (Count XIX); Wage and Hour Law, N.J.S.A. 34:11-56(a) et seq. (Count XX); Wage Payment Act, N.J.S.A. 34:11-4.1 et seq. (Count XXI); and Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") (Count XXII). The remaining Counts are against either Becerra or Korzuch in connection with their individual actions.

dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." Twombly at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)); Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005) ("[A] Court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

### III. DISCUSSION

It is apparent that the gravamen of Plaintiff's Complaint relates to actions taken by Becerra and Korzuch, and the subsequent inaction by Local 2339N with regard to Boyd's complaints and requests to remedy the alleged discrimination and retaliation. Except for three Counts of Plaintiffs Complaint, which relate to allegedly tortious acts on the part of either Defendant Korzuch or Defendant Becerra as individuals, Plaintiff does not distinguish to which

defendant she is referring in each cause of action. As noted by Defendant IAM in its moving brief, Plaintiff's Complaint does not link alleged facts to causes of actions. As such, Defendant correctly characterizes the claims against it in Plaintiff's Complaint as being comprised of two categories: (1) those seeking to hold IAM directly liable for its own conduct; and (2) those seeking to hold IAM vicariously liable for the conduct of other defendants. (Def.'s Br. 6). Each will be discussed in turn.

Defendant argues that "the only allegations in the Complaint that purport to address the IAM's role in Becerra's and Local 2339N's conduct toward Boyd which form the basis of her Complaint are entirely conclusory." (Def's Br., 9). Specifically, IAM points to examples in the Complaint where Boyd merely states that IAM authorized or ratified conduct, without factual enhancement. In this regard, the Court agrees. As discussed above, bare factual allegations or legal conclusions without more are insufficient to meet the pleading standard of Federal Rule of Civil Procedure 8(a).

Rather, the only facts regarding IAM that Plaintiff alleges are as follows: that Plaintiff copied an IAM official on her initial letter complaining about Becerra dated May 23, 2010, that she wrote the same union official a second letter dated July 1, 2010, and as a result, an investigator was appointed. However, an international union does not have a duty to intervene on the local level under these circumstances. Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1292 (3d Cir. 1991) ("Imposing upon an international union the legal obligation to protect local union members from allegedly abusive tactics by local officers could alter the delicate balance between local unions and their internationals, to the sacrifice of local union independence"); Scott v. Graphic Commc'n Int'l Union, 92 Fed.Appx. 896, 905-6

(3d Cir. 2004) (international union "did not authorize and ratify allegedly improper conduct by failing to intervene" despite knowledge of alleged discrimination and harassment).

In her opposition, Boyd argues that Defendant IAM local *allowed* Becerra to file Article L charges against her and that doing so was retaliation. (Pl.'s Opp'n., 4). However, as argued by Defendant, § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) and the language of the IAM Constitution, IAM is required to follow the procedures set forth in Article L. Further, Defendant states that Plaintiff's Complaint does not allege that the IAM failed to comply with its constitution in this regard.[2] Plaintiff neither disputes this argument nor point to any case law justifying a different result. Accordingly, based on the specific facts alleged, Plaintiff fails to state a plausible claim for relief for a claim of direct liability against IAM.

Nor does Plaintiff articulate a basis for vicarious liability attributable to IAM. "When determining the vicarious liability of an international union for the discriminatory action of its local union affiliates and their officers, common law agency principles apply." Scott, 92 Fed.Appx. at 905 (citing Carbon Fuel Co. v. United Mine Workers 444 U.S. 212, 100 S.Ct. 410, 62 L.E.2d 394 (1979); Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1429 (D.C.Cir. 1988)). Further, mere affiliation is insufficient to infer a principal agent relationship. Rather, "[t]he test to determine whether an agency relationship exists is essentially

---

[2] Pursuant to Federal Rule of Civil Procedure 12(d), if a court considers material submitted outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). A court may exclude such outside matters and treat the Rule 12 motions as labeled. Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2002). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (a court may consider a document that is integral to or explicitly relied on in the complaint without converting a motion to dismiss into one for summary judgment). As both parties rely on the IAM Constitution in their pleadings and Boyd discussed and relied on the document in her Complaint, the Court will consider the IAM Constitution here without converting the motion to one for summary judgment.

one of balancing the character of the business affairs subject to the International's control and supervision against those left to the discretion of the local." Id. (quoting Alexander v. Local 496, Laborers Int'l Union of North Am., 778 F.Supp. 1401, 1420 (N.D.Ohio 1991)). Defendant cites cases which employ this legal principal for every type of Plaintiff's claim at issue here. In fact, Plaintiff agrees that agency principles govern international union liability for its local affiliates. (Pl.'s Opp'n., 2-6).

Further, "[t]o be held liable for the actions of individuals, a union must be shown to have 'instigated, supported, ratified or encouraged' the *particular activities in question*." Feather v. United Mine Workers of Am., 711 F.3d 530, 539 (3d Cir. 1983) (emphasis added). However, Plaintiff argues that through the IAM Constitution "IAM placed itself in a position of near-omniscience with regard to the Local" and that "the IAM requires that Locals yield to the International's power to support, ratify, and/or encourage conduct." (Pl.'s Opp'n., 6). While Boyd cites to a number of provisions in the IAM Constitution in support of this proposition, those terms govern the general affiliation.[3] Despite accepting all well-pled facts and true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that the Complaint does not allege facts sufficient to state a plausible right to relief on the grounds that IAM instigated, supported, ratified or encouraged activities in relation to the alleged discrimination and retaliation against Plaintiff Boyd.

---

[3] For example, the power to grant charters, that local bylaws cannot conflict with the IAM Constitution, that the Constitution sets forth the structure of local lodge executive council and official positions, and that property and funds of a local lodge are acquired by the IAM if the charter is revoked or a local lodge is otherwise disbanded. (Pl.'s Opp'n., 5).

8

Therefore, based on the specific facts alleged, Plaintiff's First Amended Complaint relates to the actions of local union officials for which the international union is neither directly nor vicariously liable.[4] Thus, Plaintiff may amend her First Amended Complaint to the extent that she is able to allege facts that relate to any action, inaction, or ratification on the part of Defendant IAM.[5]

## IV. CONCLUSION

Plaintiff does not allege facts sufficient to state a claim upon which relief may be granted against IAM. Therefore, Defendant's motion to dismiss under Federal Civil Rule 12(b)(6) is GRANTED. Accordingly, the Court's dismisses all claims asserted against Defendant IAM without prejudice.

An appropriate Order accompanies this Opinion.

DATE: 1/9/12

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[4] The Court need not reach the issue of whether Plaintiff's Title VII claims are barred for failure to name the IAM in her EEOC charge, as it has already determined that all of Plaintiff's claims should be dismissed on account of pleading deficiencies.

[5] Insofar as Plaintiff argues that discovery is needed in order reveal the relationship between the Local 2339N and IAM, this alone is not sufficient to sustain a claim where the Rule 8(a) pleading standard has not been met. Stating a claim "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Here, Plaintiff does not raise such a reasonable expectation.

9